## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Joseph A. Addie,                                    Civil No. 12-256 (DWF/FLN)

        Plaintiff,

v.                                                 **MEMORANDUM**
                                                   **OPINION AND ORDER**

Ocwen Loan Servicing, LLC,

        Defendant.

_____

Ryan A. Ahlberg, Esq., Ahlberg Law, PLLC, counsel for Plaintiff.

David R. Mortensen, Esq., Wilford, Geske & Cook, PA, counsel for Defendant.
_____

### INTRODUCTION

This matter is before the Court on Defendant Ocwen Loan Servicing, LLC's

("Defendant") Motion to Dismiss (Doc. No. 3).  For the reasons stated below, the Court

grants Defendant's motion and dismisses Plaintiff Joseph A. Addie's

("Plaintiff") Complaint without prejudice.

### BACKGROUND

In his Complaint, Plaintiff alleges that in late 2006 through 2007, he was a victim

of a "fraudulent real estate scheme" that resulted in Defendant reporting to credit

reporting agencies that a mortgage account in Plaintiff's name was delinquent or in bad

standing.  (Doc. No. 1, Ex. 1, Compl. ¶ 6.)  Plaintiff also alleges that Defendant's report

negatively affected his credit score and profile.  (*Id*.)  Plaintiff further alleges that in or

around March 2010, he contacted certain credit reporting agencies and requested the

deletion of errors contained in the credit reports that related to the Defendant's initial

report, and that he "specifically identified the erroneous information as related to a

fraudulent real estate scheme." (*Id.* ¶¶ 7-8.) Finally, Plaintiff alleges that the information

he provided to the credit reporting agencies was sufficient for Defendant to verify

"through court records, the validity of Plaintiff's claims that the information was on his

reports as the result of third-party fraud." (*Id.* ¶ 8.)

Plaintiff initially filed suit in Ramsey County District Court on or about

January 6, 2012. (Compl.) In his Complaint, Plaintiff alleges two counts: Count I—

Willful Noncompliance with 15 U.S.C. § 1681s-2(b)(1); and Count II—Negligent

Noncompliance with 15 U.S.C. § 1681s-2(b)(1). (*Id.*) Defendant removed the action to

this Court on January 31, 2012, and now moves to dismiss Plaintiff's claims.

## DISCUSSION

### I.     Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all

facts in the complaint to be true and construes all reasonable inferences from those facts

in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th

Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory

allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir.

1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City

of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint,

matters of public record, orders, materials embraced by the complaint, and exhibits

attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.    Motion to Dismiss

Plaintiff alleges that Defendant willfully or negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b)(1), specifically parts (A), (B) and (E). These provisions outline the responsibilities of a furnisher of information (*i.e.*, Defendant) to consumer reporting agencies, and provide in part:

(b) Duties of furnishers of information upon notice of dispute

(1) In general

*After receiving notice pursuant to section 1691i(a)(2) of this title* of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--

**(A)** conduct an investigation with respect to the disputed information;

**(B)** review all relevant information provided by the consumer reporting agency pursuant to 1691i(a)(2) of this title;

**(C)** report the results of the investigation to the consumer reporting agency;

**(D)** if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

**(E)** if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

**(i)** modify that item of information;

**(ii)** delete that item of information; or

**(iii)** permanently block the reporting of that item of information.

15 U.S.C. §1681s-2(b)(1) (emphasis added).

The statute under which Plaintiff brings this action imposes certain duties (*e.g.*, to conduct an investigation) on a furnisher of information "[a]fter receiving notice pursuant to section 1681i(a)(2) . . . of a dispute with regard to the completeness or accuracy" of information provided to a consumer reporting agency.  Section 1681i(a)(2), in turn, provides:

**(2) Prompt notice of dispute to furnisher of information.--**

**(A) In general.**--Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with

paragraph (1), *the agency shall provide notification of the dispute to any person who provided any item of information in dispute*, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

**(B) Provision of other information.**--*The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer* or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

15 U.S.C. § 1681i(a)(2) (emphasis added).

The language of the statute requires that a *consumer reporting agency*, upon receipt of notice of a dispute from a consumer, promptly notify a furnisher of information of the dispute.  15 U.S.C. § 1681i(a)(2)(A).  Thus, in order for Plaintiff to state a claim under section 1681s-2(b)(1) against Defendant (a furnisher of information), Plaintiff must allege that a credit reporting agency notified Defendant of the inaccurate information, and that the furnisher of information failed to take required action.  *See, e.g.*, *Bittinger v. Wells Fargo Bank, N.A.*, 744 F. Supp. 2d 619, 629 (S.D. Texas 2010); *Ori v. Fifth Third Bank*, 603 F. Supp. 2d 1171 (E.D. Wisc. 2009) (noting that the statute requires that notice to the furnisher come from the consumer reporting agency).

Here, Plaintiff has failed to allege any facts showing that a credit reporting agency to which Plaintiff directed his correspondence actually notified Defendant of a dispute. This failure is fatal to his claim.  Plaintiff's Complaint only sets forth conclusory and vague allegations that seem to suggest that, because he provided correspondence to a credit reporting agency that he allegedly was a victim of fraud, Defendant was

automatically under a duty to investigate. As discussed above, this is not sufficient to state a claim under section 1681s-2(b)(1). Moreover, Plaintiff has failed to provide any information identifying the loan or debt upon which Defendant allegedly reported on, and has not alleged facts identifying any specific errors that were made with respect to his account with Defendant. Instead, Plaintiff summarily claims that he was a "victim of a fraudulent real estate scheme," but does not connect that claim with the servicing or validity of the underlying mortgage documents.

For these reasons, the Court concludes that Plaintiff's Complaint fails to state a claim upon which relief can be granted and dismisses Plaintiff's claims without prejudice.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

1.      Defendant's Motion to Dismiss (Doc. No. [3]) is **GRANTED**.

2.      Plaintiff's Complaint (Doc. No. [1, Ex. 1]) is **DISMISSED WITHOUT PREJUDICE**.

     **LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  June 28, 2011                    s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         United States District Judge